IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Submitted on Brief, August 15, 2001

# RANDY DALE STORY v. CHASTITY DAWN (BATTS) SHELTON

**Direct Appeal from the Juvenile Court for Dickson County**
**No. 01-95-004-M    Hon. A. Andrew Jackson, Judge**

---

**No. M2001-01009-COA-R3-JV - Filed August 28, 2001**

---

The Trial Judge ordered a surname change of two minors to the father's surname, without hearing evidence on the issue. On appeal, we vacate and remand for an evidentiary trial.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Vacated.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Susan H. Moseley, Nashville, Tennessee, for Appellant, Chastity Dawn (Batts) Shelton.

## OPINION

The issue on appeal is whether the Trial Judge erred in changing the surnames of DCB and CSB to their biological father, appellee. The twin children were born to appellant on February 28, 1994. Subsequently, the State of Tennessee brought an action to establish paternity and set child support. An Agreed Order was not entered establishing paternity until June 25, 1997. That Order set a rate of support with an additional $10.00 per month toward a Judgment in Arrearage in favor of the State for $7,760.00.

On January 2, 1999, appellee filed a petition to increase visitation and change the surname of the minor children. On August 23, 2000 the Juvenile Court entered an Order setting visitation, and further ordered "[t]hat the Court will take the name change under advisement, and shall notify counsel for the respective parties of its ruling". On the February 25, 2001, the Court

entered an Order changing the children's surname to appellant's surname. The Order recites in pertinent part:

> Upon review of this case and the record as a whole, the Court rules that the children's name should be changed. . . .

The appellant correctly points out that the mother followed the statutory procedure in force at the time of the birth of these children in causing the children's names to be placed on their birth certificates. The statute, in pertinent part, provided Tennessee Code Annotated §68-3-305(b)(1) stated:

> [i]f the mother is not married at the time of either conception or birth or between conception and birth, the name of the father shall not be entered on the certificate of birth, and the surname of the child shall be that of the legal surname of the mother. All information pertaining to the father shall be omitted.

Also, the appellee is correct in observing that the surname of the children is not required to be changed as a matter of law if the biological father is declared the parent. *See* Tenn. Code. Ann. §68-3-306(c).

Clearly, a trial court may change the name of a child if it is in the child's best interest. *Halloran v. Kosta*, 778 S.W.2d 454 (Tenn. Ct. App. 1988), and this Court set forth criteria to be considered by the Trial Court in considering a name change in *Barabas v. Rogers*, 868 S.W.2d 263 (Tenn. Ct. App. 1993), where the Court said:

> Among the criteria for determining whether changing a child's surname will be in the child's best interests are: (1) the child's preference, (2) the change's potential effect on the child's relationship with each parent, (3) the length of time the child has had its present surname, (4) the degree of community respect associated with the present and proposed surname, and (5) the difficulty, harassment, or embarrassment that the child may experience from bearing either its present or its proposed surname.

p.287.

The Trial Court acted impermissibly in ordering the name change without hearing any evidence as to the best interest of the children. Accordingly, we vacate the Judgment of the Trial Judge.

The purported name change would only be appropriate if it is established by a preponderance of the evidence that such change would be in the best interest of the children. Accordingly, we remand the case for a trial on this issue, and direct the Trial Judge to appoint a guardian-ad-litem for the children for this determination.

The cost of the appeal is assessed to Randy Dale Story.

_____
HERSCHEL PICKENS FRANKS, J.